IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RACHEL HIGGINS, as Guardian
ad Litem for B.P., a Minor Child,

    Plaintiffs,

vs.                                              Cause No. 1:17-cv-00234-WPL-LF

BRITTNY SAAVEDRA, in her personal capacity
acting under color of state law; DEBORAH GARTMAN,
in her personal capacity acting under color of state law;
MARK A. GARCIA, in his personal capacity acting under
color of state law; SHONN SCHROER, in his personal
capacity acting under color of state law; CYNTHIA SOO
HOO, in her personal capacity acting under color of state law;
and ALBUQUERQUE PUBLIC SCHOOLS DISTRICT,

    Defendants.

## **ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY**

THIS MATTER comes before the Court on defendants Brittny Saavedra, Deborah Gartman, Mark A. Garcia, Shonn Schroer, Cynthia Soo Hoo, and Albuquerque Public Schools' ("APS" and collectively, "APS Defendants") Motion for Protective Order Staying Discovery Pending the Court's Disposition of Defendants' Motion to Dismiss on the basis of Qualified Immunity (Doc. 17), which was fully briefed on March 31, 2017. Doc. 28. Having read the parties' submissions and being fully advised in the premises, the Court finds that the APS Defendants' motion to stay discovery is well taken and will be GRANTED.

It is well settled that a qualified immunity defense "protects the official both from liability as well as from the ordinary burdens of litigation, including far-ranging discovery." *Workman v. Jordan*, 958 F.2d 332, 335 (10th Cir. 1992) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982)). The Supreme Court has repeatedly emphasized the importance of resolving

the issue of qualified immunity early on in the litigation. *Scott v. Harris*, 550 U.S. 372, 376 n.2 (2007) (citing *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam)). The defense of qualified immunity does not create immunity from all discovery, but only from "broad-reaching discovery," and it recognized that "limited discovery may sometimes be necessary before the district court can resolve a motion for summary judgment based on qualified immunity." *Crawford-El v. Britton*, 523 U.S. 574, 593 n.14 (1998) (quotation omitted). Unlike a motion for summary judgment, however, a motion to dismiss tests the legal sufficiency of a complaint and requires no additional discovery. *See Ashcroft v. Iqbal*, 556 U.S. 662, 674–75 (2009).

Whether an official is entitled to qualified immunity turns on whether his conduct violated clearly established statutory or constitutional rights of which a reasonable official would have been aware. *Harlow*, 457 U.S. at 818; *see also Plumhoff v. Rickard*, — U.S. —, 134 S. Ct. 2012, 2023 (2014) (reaffirming that officials acting in discretionary capacities are generally entitled to qualified immunity unless their conduct violates clearly established law). Therefore, qualified immunity depends on the objective reasonableness of the official's conduct. *Harlow*, 457 U.S. at 818. Standard practice in this District is to stay discovery—as to all defendants—when the defense of qualified immunity has been raised. *See Workman*, 958 F.2d at 336; *see also Herrera v. Santa Fe Pub. Schs.*, No. CIV 11-0422 JB/KBM, 2012 WL 6846393, at *10 (D.N.M. Dec. 20, 2012) (unpublished).

APS Defendants have filed a motion to dismiss plaintiff's claim under Title IX (Doc. 19), for summary judgment on plaintiff's equal protection claim (Doc. 41) and a revised motion to dismiss plaintiff's Section 1985 conspiracy claim (Doc. 43). All of these motions are based, at least in part, on APS Defendants' assertion of qualified immunity.

Plaintiff argues that this case falls under the exception for permitting discovery to proceed when a qualified immunity defense is raised. Doc. 22 at 3. Specifically, plaintiff contends that because APS Defendants has not moved to dismiss all of her claims, discovery should go forward because at least some discovery is not avoidable or overly broad. *See generally* Doc. 22. Plaintiff's argument is without merit.

This Court has consistently ordered a stay of discovery where a defendant has asserted qualified immunity. The only exception is when discovery may be necessary to determine whether the defendants are entitled to qualified immunity. *See Lewis v. City of Ft. Collins*, 903 F.2d 752, 754 (10th Cir. 1990); *Saenz v. Lovington Mun. Sch. Dist.*, 2015 WL 1906140, at *10 (D.N.M. Apr. 6, 2015). Plaintiff does not contend that discovery is necessary to determine whether APS Defendants are entitled qualified immunity. Plaintiff instead argues that the discovery needed for the claims APS Defendants have moved to dismiss on the basis of qualified immunity is the same for claims that APS Defendants have <u>not</u> moved to dismiss and therefore, not avoidable or overly broad. Doc. 22 at 7.

APS Defendants have asserted qualified immunity on three of the four counts raised in plaintiff's complaint. The determination of whether APS defendants are entitled to qualified immunity on those counts will affect the limitations of discovery in this case. I see no reason to depart from the general rule that once a defendant files a dispositive motion asserting qualified immunity, discovery must be stayed.

IT IS THEREFORE ORDERED that APS Defendants' Motion for Protective Order Staying Discovery Pending the Court's Disposition of Defendants' Motion to Dismiss on the basis of Qualified Immunity (Doc. 27) is GRANTED. Discovery in this case shall be stayed, as to all defendants, pending resolution of APS Defendants' dispositive motions asserting qualified immunity, or until further order of the Court.

_____
Laura Fashing
United States Magistrate Judge