IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RACHEL HIGGINS, as Guardian
ad Litem for B.P., a Minor Child,

      Plaintiffs,

vs.                                                                              Cause No. 1:17-cv-00234-WPL-LF

BRITTNY SAAVEDRA, in her personal capacity
acting under color of state law; DEBORAH GARTMAN,
in her personal capacity acting under color of state law;
MARK A. GARCIA, in his personal capacity acting under
color of state law; SHONN SCHROER, in his personal
capacity acting under color of state law; CYNTHIA SOO
HOO, in her personal capacity acting under color of state law;
and ALBUQUERQUE PUBLIC SCHOOLS DISTRICT,

      Defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO QUASH SUBPOENAS FOR NON-PARTY WITNESSES' CELL PHONE, TEXT AND DATA RECORDS AND MOTION FOR PROTECTIVE ORDER, AND ORDER TO PRESERVE EVIDENCE

THIS MATTER comes before the Court on plaintiff Rachel Higgins' Motion To Quash

Subpoenas for Non-Party Witnesses' Cell Phone, Text and Data Records and Motion for

Protective Order. Doc. 30. Defendants filed their response to plaintiff's motion on April 14,

2017. Doc. 42. Plaintiff has not filed a reply and none is necessary. The Court has stayed

discovery in this case in an earlier order. Doc. 45. In light of the order to stay discovery, the

Court finds that plaintiff's motion to quash is moot and will be denied. Nonetheless, the

evidence should be preserved for future use, if necessary.

The Federal Rules of Civil Procedure contemplate that the parties will take steps to

preserve evidence that they know or reasonably should know is relevant to pending or imminent

litigation. *See* FED. R. CIV. P. 11; FED. R. CIV. P. 26; FED. R. CIV. P. 34; *Danis v. USN*

*Communications, Inc.*, 53 Fed. R. Serv. 3d 828, at *1 (N.D. Ill. 2000). "Thus, a specific order

from the court directing one or both parties to preserve evidence is not ordinarily required."

*United States ex rel. Smith v. Boeing Co.*, No. Civ. A. 05-1073-WEB, 2005 WL 2105972, at *2

(D. Kan. Aug. 31, 2005). However, courts have the inherent authority to make such orders when

necessary. *Pueblo of Laguna v. United States*, 60 Fed. Cl. 133, 135 (Fed. Cl. 2004). In such

cases, courts are guided by equity principles, including 1) how concerned the court is that

evidence will not be maintained without such an order, 2) any irreparable harm likely to result

absent a specific preservation order, and 3) the capability of the party to maintain the evidence

that would be subject to the preservation order. *Capricorn Power Co. v. Siemens Westinghouse*

*Power Corp.*, 220 F.R.D. 429, 433–34 (W.D. Pa. 2004). "The reviewing court, as well as the

parties, should be focused upon maintaining the integrity of the evidence in a form as close to, if

not identical to, the original condition of the evidence." *Id.* at 435. With regard to the

nonparties, "the need for such an order is all the more pressing where the entities that have the

information [a party] needs are not parties and thus have no duty to preserve absent a court

order." *Centurylink, Inc. v. Alpine Audio Now, LLC*, No. 15-CV-01973-MSK-KLM, 2016 WL

192291, at *2 (D. Colo. Jan. 15, 2016) (internal citation and quotation omitted).

Plaintiff moved to quash subpoenas issued by APS Defendants to Sprint Spectrum LP

and AT&T, seeking cell phone and data records for B.P.'s mother and Salome Chavez, a West

Mesa High Junior Varsity Cheerleading Coach. Doc. 30 at 2. The Court's recent order staying

discovery and this order denying the motion to quash as moot, do not excuse any person with

relevant information— including non-parties—from maintaining the integrity of the evidence. A

preservation order will protect against the loss of potentially relevant material.

IT IS THEREFORE ORDERED that plaintiff Rachel Higgins' Motion to Quash Subpoenas for Non-Party Witnesses' Cell Phone, Text and Data Records and Motion for Protective Order, Doc. 30, is denied as moot. Plaintiff may refile her Motion to Quash once the stay is lifted if she desires. Non-parties Sprint Spectrum LP and AT&T are not required to produce the materials requested in the subpoenas until after the stay is lifted and upon further order of the Court.

IT IS FURTHER ORDERED that non-parties Sprint Spectrum LP and AT&T shall preserve the evidence requested in the subpoenas issued by APS Defendants until further order of this Court. APS Defendants must serve a copy of this order on Sprint Spectrum LP and AT&T within seven days of the date of this order, and file a proof of service with the Court.

_____
Laura Fashing
United States Magistrate Judge