# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**RACHEL HIGGINS, as Guardian**
**ad Litem for B.P., a minor child,**

    Plaintiff,

v.                                                    No. 17-CV-234 WPL/LF

**BRITTNY SAAVEDRA, in her personal**
**capacity acting under color of state law;**
**DEBORAH GARTMAN, in her personal**
**capacity acting under color of state law;**
**MARK A. GARCIA, in his personal**
**capacity acting under color of state law;**
**SHONN SCHROER, in his personal**
**capacity acting under color of state law;**
**CYNTHIA SOO HOO, in her personal**
**capacity acting under color of state law;**
**and ALBUQUERQUE PUBLIC**
**SCHOOLS DISTRICT,**

    Defendants.

## MEMORANDUM OPINION AND ORDER

In the First Amended Complaint for Civil Rights Violations (Doc. 40) (Complaint), Plaintiff Rachel Higgins (Plaintiff) asserts claims as Guardian ad Litem on behalf of B.P., a minor child who was a student at West Mesa High School (WMHS) in the Albuquerque Public Schools District (APS). Compl. ¶¶ 1, 4, 13. Defendants are APS, Cynthia Soo Hoo, the Executive Director of Compliance for the Special Education Department at APS (ED Soo Hoo), Brittny Saavedra, the Head Varsity Cheerleading Coach at WMHS (Coach Saavedra), Deborah Gartman, the Assistant Principal at WMHS (Asst. Principal Gartman), Mark A. Garcia, the

Principal at WMHS (Principal Garcia), and Shonn Schroer, the Athletic Director at WMHS (Athletic Director Schroer) (together, Defendants). Compl. ¶¶ 3–9.

Plaintiff alleges that B.P., who was a member of the WMHS varsity cheerleading squad, was sexually harassed and intimidated by other members of the team while on a school-sponsored trip and at WMHS. Compl. ¶¶ 14, 43, 126. Plaintiff asserts that Defendants violated B.P.'s rights under the Equal Protection Clause when they attempted to extort a release from liability for the harassment by withholding B.P.'s transfer to another school. Compl. ¶¶ 128–131, 146–147, 152. Defendants have moved for summary judgment on Plaintiff's equal protection claim. (Doc. 41.) Plaintiff has responded in opposition, and has also moved for denial or deferral of the summary judgment motion in order to permit discovery. (Docs. 49 and 50.) Because there are material facts in dispute and Plaintiff has not yet had the opportunity to conduct discovery, I will grant Plaintiff's Rule 56(d) Motion and will defer ruling on the summary judgment motion.

## I. BACKGROUND

The following facts are undisputed unless otherwise noted. B.P., B.P.'s younger brother, and B.P.'s friend were all students at WMHS. Summary Judgment Mot., Undisputed Material Facts (UMF) ¶¶ 1–2, 4. At WMHS, B.P. received accommodations for special education needs related to dyslexia, including extra time during testing and not being penalized for spelling errors, according to an Individualized Education Plan (IEP). UMF ¶ 5; Summary Judgment Resp., Plaintiff's Counterstatement of Undisputed Material Facts (PCUMF) ¶ I; Ex. 1, Affidavit of Myra Pizarro, ¶ 12. B.P.'s brother and friend did not receive special education services. Summary Judgment Mot. at 17.

On July 25, 2015, members of the WMHS cheerleading squad took nude photographs and video of B.P. without her permission. PCUMF ¶ A. Following this incident, B.P., B.P.'s

2

younger brother, and B.P.'s friend were all bullied and sexually harassed at WMHS. PCUMF ¶¶ B–C. As a result they each requested to transfer to another school. PCUMF ¶ C; UMF ¶ 1. On October 7, 2015, B.P.'s mother submitted transfer requests for B.P. and for B.P.'s brother, both listing student safety concerns as the reason and requesting to transfer from WMHS to Albuquerque High School (AHS). UMF ¶ 1. The transfer for B.P.'s friend was approved and she transferred out of WMHS without incident. UMF ¶ 4; PCUMF ¶ R. Early in January 2016, B.P.'s mother learned that the transfer to AHS had been approved for B.P.'s brother but not for B.P. PCUMF ¶ H.

B.P.'s mother went to AHS to speak to the principal about the transfers, and he agreed to accept B.P. as a transfer student. UMF ¶ 9. But the parties dispute whether this agreement constituted approval of the transfer and whether AHS had the capacity at that time to accept a student with B.P.'s special education needs. UMF ¶¶ 6, 10; PCUMF ¶¶ I, K, L, M, P. Defendants assert that the special education program at AHS was over capacity, other special education students were on a waiting list ahead of B.P. to transfer into AHS if space became available, and neither the APS Transfer Office nor the AHS principal had the authority to approve a transfer into an already full program or to ignore an IEP by disregarding B.P.'s special education status and enrolling her as a regular education student. UMF ¶¶ 6–8, 10; Summary Judgment Reply ¶ I. Plaintiff contends that AHS had the capacity to meet B.P.'s educational needs, which required minimal accommodation, and that B.P.'s transfer was approved by the AHS principal. PCUMF ¶¶ I, K.

B.P.'s parents withdrew B.P. from WMHS, but then received voicemail and email messages from ED Soo Hoo indicating that B.P. would not be allowed to transfer to AHS unless her parents signed a settlement agreement releasing Defendants from liability in relation to the

3

harassment B.P. had suffered at WMHS. PCUMF ¶¶ L–P. Plaintiff asserts that Defendants reversed B.P.'s previously approved transfer to AHS in order to obtain a release of B.P.'s legal claims. PCUMF ¶¶ M–P. Plaintiff argues that in doing so, Defendants violated B.P.'s equal protection rights by "inflict[ing] a cost or burden on [her] without imposing it on those who are similarly situated in material respects, and . . . without any conceivable basis other than a wholly illegitimate motive." Summary Judgment Resp. at 15 (quoting *Jicarilla Apache Nation v. Rio Arriba Cty.*, 440 F.3d 1202, 1209 (10th Cir. 2006)). But Defendants maintain that B.P.'s transfer had not been approved, and could not be approved through the normal APS transfer process because AHS did not have room in its special education program to admit B.P. UMF ¶¶ 8, 10–11; Summary Judgment Reply ¶¶ H–I, L–M, P, S. They contend that B.P. could have transferred without delay to any other high school that did have space in its special education program, and that ED Soo Hoo offered to force B.P.'s transfer to AHS despite the lack of space as a permissible means of negotiating the settlement of B.P.'s claims. UMF ¶¶ 11–12. Defendants argue that they are entitled to summary judgment because Plaintiff has failed to state a claim for a violation of equal protection and because they are entitled to qualified immunity. Plaintiff asks the Court to defer or deny the summary judgment motion because Plaintiff has not had the opportunity to discover facts essential to the claim.

## II. DISCUSSION

Summary judgment may be granted if the moving party shows "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "When applying this standard, [the Court] view[s] the evidence and draw[s] reasonable inferences therefrom in the light most favorable to the nonmoving party." *Scull v. New Mexico*, 236 F.3d 588, 595 (10th Cir. 2000) (internal quotation marks omitted).

However, when a defendant raises qualified immunity as a defense, the plaintiff must demonstrate that the defendant's actions violated a clearly-established constitutional or statutory right before the defendant will bear the traditional burden. *See Scull*, 236 F.3d at 595.

Summary judgment should not be granted "where the nonmoving party has not had the opportunity to discover information that is essential to [her] opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986). Rule 56(d) allows a nonmovant to seek deferral or denial of a summary judgment ruling pending discovery. FED. R. CIV. P. 56(d). Under Rule 56(d), nonmoving parties who need additional discovery to respond to a motion for summary judgment must present an affidavit "identifying (1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable the party to obtain those facts and rebut the motion for summary judgment." *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010) (internal brackets and quotation marks omitted).

"Requests for further discovery should ordinarily be treated liberally." *Cerveny v. Aventis, Inc.*, 855 F.3d 1091, 1110 (10th Cir. 2017). When the information sought is within the exclusive control of the movant, that factor weighs heavily in favor of relief. *See Price ex rel. Price v. Western Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000). An assertion of qualified immunity will heighten the Rule 56(d) burden because officials have "a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery." *Medina v. Cram*, 252 F.3d 1124, 1127 (10th Cir. 2001) (quotations omitted). But "limited discovery may sometimes be necessary before the district court can resolve a motion for summary judgment based on qualified immunity." *Crawford–El v. Britton*, 523 U.S. 574, 593 n.14 (1998).

The Court stayed discovery in this case pending the disposition of Defendants' dispositive motions asserting qualified immunity. (Doc. 45.) Consequently, Plaintiff has not had any opportunity to obtain discovery from Defendants. Plaintiff asserts that discovery is necessary to test the veracity of statements relied on by Defendants to argue that the refusal of B.P.'s transfer was not a violation of equal protection.

The Equal Protection Clause of the Fourteenth Amendment prohibits any state from "deny[ing] to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "[I]t embodies a general rule that States must treat like cases alike but may treat unlike cases accordingly." *Teigen v. Renfrow*, 511 F.3d 1072, 1083 (10th Cir. 2007) (quoting *Vacco v. Quill*, 521 U.S. 793, 799 (1997)). Plaintiff brings her claim under a class-of-one theory, alleging that by denying B.P. the ability to transfer to AHS without first waiving her legal claims, while allowing B.P.'s brother and friend to transfer without a waiver, Defendants treated B.P. differently from similarly situated individuals with no rational basis for the classification.

Defendants argue that summary judgment is appropriate in part because B.P. was not similarly situated to her friend or her brother due to her special education status and because the denial of her transfer had a rational basis in the lack of sufficient space at AHS. Defendants have presented the affidavit of Shelly Green, an APS employee in the Transfer Office, who avers that B.P.'s transfer was denied because B.P. required special education placement, the AHS special education program was full, neither the Transfer Office nor the AHS principal had the authority to approve the transfer, but that B.P. could have transferred without delay to another APS school.

Plaintiff asserts that these statements were contradicted by a woman at the APS Transfer Office and by the principal at AHS, but that Plaintiff has not been able to determine the identity

6

of the employee at the transfer office, verify the existence of a waiting list for AHS at the time of B.P.'s request, or depose Ms. Green, ED Soo Hoo, Principal Garcia, WMHS Assistant Principal of Special Education Rae Lynn Dooley, Associate Superintendent of Special Education Lucinda Sanchez, AHS Principal Tim McCorkle, or AHS Curriculum Assistant Principal Monica Olmstead, all of whom were involved in the transfer process. Plaintiff states that there is a factual dispute as to whether AHS had the capacity to enroll B.P. in an appropriate educational program and these depositions are necessary for Plaintiff to oppose Defendants' summary judgment motion. These facts are relevant to whether B.P. was similarly situated to her brother and her friend in spite of her special education status and whether there was a rational basis for the denial of her transfer.

Defendants contend that by fully responding to the summary judgment motion, Plaintiff has demonstrated that her Rule 56(d) Motion should not be granted. Rule 56(d) Resp. at 2. This argument is without merit. *See Wilson v. Village of Los Lunas*, 572 F. App'x. 635, 639 (10th Cir. 2014) (Rule 56(d) motion does not relieve a party of its duty to respond to a motion for summary judgment). Plaintiff appropriately responded to the motion for summary judgment and attached the affidavit of B.P.'s mother, who avers that she was told by APS employees that there was space at AHS where B.P.'s educational needs could be accommodated and that the AHS principal could approve B.P.'s transfer. *See* Summary Judgment Resp., Ex. 1, Affidavit of Myra Pizarro. Plaintiff has attached the transfer form signed by Principal McCorkle, *see id.*, but has been unable to obtain his testimony regarding the events. The Court concludes that Plaintiff has met her burden under Rule 56(d) to demonstrate that facts regarding the availability of an appropriate educational placement for B.P. at AHS and the ability of Principal McCorkle to approve her transfer are necessary to oppose Defendants' summary judgment motion, but that

7

Plaintiff has not been able to obtain this information without discovery. Accordingly, the Court will allow limited discovery in relation to these issues and will allow Plaintiffs to depose the listed APS employees as to the facts of Defendants' decision-making process regarding B.P.'s transfer request.

IT IS THEREFORE ORDERED that Plaintiff's Rule 56(d) motion to defer ruling on the Defendants' summary judgment motion (Doc. 50) is granted. The Court will defer ruling on Defendants' motion for partial summary judgment on Plaintiff's equal protection claim (Doc. 41). The parties will work together to complete limited written discovery on the issue of transfer to AHS and will complete depositions of the listed APS employees solely on this issue. The depositions will be no more than four hours each and do not constitute full discovery depositions. The parties will complete this task within sixty days from the date of entry of this Order. Plaintiff will file a supplemental response to the summary judgment motion within seventy five days from the date of entry of this Order. Defendants may then file a supplemental reply in accordance with the Local Rules.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.